IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOVAN MIGUEL BATTLE, #Y12714, </br></br>    Plaintiff, </br></br>vs. </br></br>K SMOOT, *et al.*, </br></br>    Defendants. | Case No. 17−cv–1165−NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 27) of the Court's Order (Doc. 25), which directed Plaintiff to pay the filing fee for this action. For the reasons discussed below, the motion is denied.

## Background

According to Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* ("IFP Motion"), he received a $5,000 settlement check from Cook County Corrections nine days before filing his Complaint. (Doc. 2, p. 1 and Doc. 5). Plaintiff also reported having $4,750 in his checking or savings account. (Doc. 2, p. 2). Accordingly, on November 6, 2017, the Court denied Plaintiff's IFP Motion and ordered him to pay the filing fee in thirty days. (Doc. 5). On December 18, 2017, after the deadline for paying the filing fee had passed without any communication from Plaintiff, the Court dismissed the action without prejudice for failure to comply with an Order of the Court. (Doc. 7).

On January 15, 2018, Plaintiff filed a pleading titled "Motion to Appeal *in Forma*

1

*Pauperis* to Appeal the Judge's Judgment." (Doc. 9). Plaintiff explained why he failed to pay the filing fee and relayed his intent to appeal the dismissal of his case. *Id.* Plaintiff also asked the Court to reconsider the dismissal of his case and its decision on indigence. *Id.* The Court treated the motion as both a motion to reconsider and a notice of appeal. (Doc. 16).

With respect Plaintiff's requests for reconsideration, the Court concluded Plaintiff had demonstrated excusable neglect for failing to pay the filing fee. *Id.* Accordingly, the Court indicated it would vacate the judgment and allow Plaintiff additional time to pay the full filing fee. *Id.* The Court denied the request to reconsider Plaintiff's IFP status, however, explaining as follows:

> Plaintiff contends that he is *presently* indigent. But when litigants seek to proceed *in forma pauperis*, the relevant concern is the litigant's financial status *at the time of filing*. *See Miller v. Hardy,* 497 F. App'x 618, *1 (7th Cir. 2012). Here, Plaintiff disclosed that he had recently received a settlement check for $5,000 and had $4,750 in his checking or savings account. (Doc. 2, pp. 1-2). Thus, at the time of filing, Plaintiff did not satisfy the requirement of poverty. Plaintiff does not dispute this fact; he only argues that he is indigent now. Given that Plaintiff had sufficient funds in his account at the time of filing, his current poverty does not warrant reconsideration. *See Robbins v. Switzer,* 104 F.3d 895, 898 (7th Cir. 1997) (current poverty does not excuse failure to pay the initial partial filing fee where the inmate had the resources to pay at the time he filed suit).

(Doc. 16, p. 5). Because an appeal was pending, the Court refrained from taking any further action and forwarded its decision to the Seventh Circuit Court of Appeals. On March 21, 2018, the Seventh Circuit remanded the case pursuant to Circuit Rule 57 for further proceedings and waived the appellate filing fee. (Doc. 26). Upon receiving the Appellate Court's remand, the Court vacated the judgment and order of dismissal, reopened the case, and directed Plaintiff to pay the $400 filing fee. (Doc. 25). On April 23, 2018, instead of paying the filing fee, Plaintiff filed the instant Motion to Reconsider. (Doc. 27).

## Applicable Standard

Plaintiff's Motion to Reconsider is governed by Rule 54(b), because the challenged Order did not adjudicate all claims, and final judgment has not yet been entered in this case. FED. R. CIV. P. 54(b) (Non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *see also Encap, LLC v. Scotts Co., LLC*, No. 11-C-685, 2014 WL 6386910, at *1 (E.D. Wis. Nov. 14, 2014) ("FED. R. CIV. P. 59(e) is not applicable here since no final judgment has been entered."). Regardless, "motions to reconsider an order under Rule 54(b) are judged by largely the same standard as motions to alter or amend a judgment under Rule 59(e)." *Woods v. Resnick*, 725 F. Supp. 2d 809, 827-28 (W.D. Wis. 2010).

A motion to reconsider is proper where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). The Court has the inherent power to reconsider non-final orders, as justice requires. *Akzo Coatings, Inc. v. Aigner Corp.*, 909 F. Supp. 1154, 1160 (N.D. Ind. 1995) ("[A] motion to reconsider an interlocutory order may be entertained and granted as justice requires"). A motion to reconsider "essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). "Disposition of a motion for reconsideration is entrusted to the district court's discretion." *Caisse Nationale de Credit Agricole v. CBI Indus.*, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996).

**Discussion**

Plaintiff once again argues that he is *presently* indigent and insists that he should be granted IFP status. This argument is a non-starter. As the Court previously explained, the relevant question is Plaintiff's financial status *at the time of filing*. *See Miller v. Hardy*, 497 F. App'x 618, *1 (7th Cir. 2012); *Robbins v. Switzer,* 104 F.3d 895, 898 (7th Cir. 1997). Plaintiff had sufficient funds at the time of filing. Accordingly, Plaintiff's IFP Motion was appropriately denied.

Plaintiff also reveals that, prior to filing this lawsuit, he accumulated "three strikes," triggering application of 28 U.S.C. § 1915(g).[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id*. Plaintiff claims he was in imminent danger at the time of filing.[2] Thus, Plaintiff argues, he is entitled to proceed without prepayment of fees under 28 U.S.C. § 1915. But an imminent danger finding only gets Plaintiff over the three strikes hurdle. It does not change the fact that Plaintiff was not indigent at the time of filing. There is no reason to consider the issue of imminent danger when the litigant is not indigent. Here, as the Court has already explained on several occasions, *when the case was filed*, Plaintiff had sufficient funds in his account to pay the filing fee. As such, he is not eligible to proceed *in forma pauperis*, regardless of whether he faced imminent danger at the time of filing.

---

[1] *See Battle v. Cook County Corr. Center*, No. 12 C 3962 (N.D. Ill. July 6, 2012); *Battle v. Garza*, No. 17 C 4028 (C.D. Ill. Apr. 4, 2017); *Battle v. Wheat*, No. 17 C 4075 (C.D. Ill. May 18, 2017).
[2] At the time of filing, Plaintiff was incarcerated at Shawnee Correctional Center ("Shawnee"). And according to the Complaint, Shawnee officials had denied and/or were denying Plaintiff treatment for mental health issues. (Doc. 16, p. 4). In December 2017, Plaintiff was incarcerated again and is presently housed at Lawrence Correctional Center. (Doc. 16, p. 5; Doc. 27).

**Disposition**

Plaintiff has not demonstrated—and the record reveals—no basis warranting reconsideration of the challenged order, and the Court remains convinced its decision was correct. For this reason, the Motion for Reconsideration (Doc. 27) is **DENIED**. Plaintiff is **ORDERED** to pay the $400.00 filing fee in this case on or before **July 5, 2018**. Failure to do so will result in dismissal of this action for failure to comply with an Order of this Court. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 4, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**