IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOVAN MIGUEL BATTLE, # Y-12714, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-1165-NJR |
| | ) | |
| K. SMOOT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jovan Miguel Battle, an inmate incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983. (Doc. 1).

Plaintiff filed a motion for leave to proceed in District Court without prepaying fees or costs ("IFP"). (Doc. 2). Plaintiff's IFP Motion was denied on November 6, 2017. (Doc. 5). On December 18, 2017, the action was dismissed without prejudice for failure to pay the filing fee. (Doc. 7). Judgment was entered the same day. (Doc. 8). Thereafter, Plaintiff filed a pleading which the Court treated as both a Notice of Appeal and a Motion for Reconsideration. In ruling on the Motion for Reconsideration, the Court declined to reconsider its decision denying Plaintiff's motion to proceed in forma pauperis. (Doc. 16). However, the Court also found that Plaintiff established excusable neglect for failing to timely pay the filing fee and advised that it would give Plaintiff more time to pay the filing fee if it still had jurisdiction over the case. *Id*. Because an appeal was pending, the Court refrained from taking any action at that time. *Id*. On March 21, 2018, the Seventh Circuit remanded this case pursuant to Circuit Rule 57 for further proceedings and waived the appellate filing fee.

Consistent with the Seventh Circuit's remand and with this Court's January 26, 2018 Order (Doc. 16), the Court vacated the dismissal and reopened the case. (Doc. 25). Plaintiff was ordered to pay the filing fee or face dismissal of his case. *Id.* Plaintiff then filed a Motion to Reconsider (Doc. 27), which was denied (Doc. 29). Once again, the Court ordered Plaintiff to pay the filing fee or face dismissal. (Doc. 29).

The deadline for paying the full filing fee has now passed without any communication from Plaintiff.

Accordingly, this action is **DISMISSED** without prejudice for failure to comply with an Order of this Court. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). This dismissal shall not count as a "strike" under 28 U.S.C. § 1915(g). All pending motions are **DENIED** as **MOOT**.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the

30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 12, 2018**

**/s Nancy J. Rosenstengel**
United States District Judge